IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRYANT KEVIN JOHNSON,** : | |
| **Petitioner,** : | |
| : | |
| v. : | **CIVIL ACTION NO. 19-CV-2294** |
| : | |
| **SUPT. MICHAEL CLARK,** *et al.,* : | |
| **Respondents.** : | |

## ORDER

**AND NOW** this 15th day of January, 2021, upon consideration of the Petition for Writ of Habeas Corpus (Doc. No. 1), Respondents' Response (Doc. No. 14), Petitioner's Reply (Doc. No. 15), the Report and Recommendation (R&R) of United States Magistrate Judge Carol Sandra Moore Wells (Doc. No. 16), and Petitioner's Objections (Doc. No. 17), I find as follows.

**Factual and Procedural Background**

1. On May 19, 2014, Petitioner was sentenced by the Berks County Court of Common Pleas to a total sentence of nine months to ten years' imprisonment for theft by deception, forgery, and tampering with public records or information.

2. On October 26, 2015, the Pennsylvania Board of Probation and Parole (the "Parole Board") released Petitioner on parole after he served approximately nine months of his sentence.

3. On November 9, 2015, the Parole Board issued a detainer on Petitioner based on new criminal charges in Philadelphia County, including robbery and possession of an instrument of crime. Petitioner was convicted of the new crimes and sentenced to five to ten years' imprisonment.

4. On March 22, 2017, the Parole Board held a revocation hearing on March 22, 2017, and recommitted Petitioner as a convicted parole violator to serve thirty months' back-time on the Berks County charges. Petitioner's maximum sentence date was recalculated to June

22, 2025. He was advised that he would not be eligible for re-parole until September 21, 2019.

5. On March 2, 2017, Petitioner filed an administrative appeal challenging the Parole Board's order and the "hit" of thirty months' back-time. The Parole Board denied relief, and the Pennsylvania Commonwealth Court affirmed the Parole Board's decision.

6. On February 25, 2019—approximately two years into his thirty month back-time sentence—the Parole Board again reviewed Petitioner for parole. Following an interview with Petitioner, the Parole Board issued a conditional grant of re-parole "on or after 9/21/2019 to [his Philadelphia] state detainer sentence." (Resps.' Opp'n, Ex. J.) Consistent with this decision, Petitioner was paroled from his Berks County sentence on September 22, 2019 to his Philadelphia sentence, with a minimum release date of May 11, 2023 and a maximum release date of May 11, 2029. (Id., Ex. K.)

7. On May 12, 2019, after the issuance of the new parole decision but prior to his actual re-parole, Petitioner filed the instant Petition for Writ of Habeas Corpus seemingly challenging the fact that although he was told by the Parole Board at his hearing that he would not have to serve the "original 30 month hit," the February 25, 2019 parole date kept the thirty months in place.

8. On June 10, 2020, Judge Wells issued an R&R finding Petitioner's claims not cognizable. Specifically, she characterized Petitioner's claim as arguing that "he is serving 'illegal extra time' and requests this Court order a new Board hearing." (R&R 16.) The R&R concluded that to the extent Petitioner challenged the length of his new maximum sentence date under Pennsylvania law, his claim was not cognizable in federal court.

9. Petitioner filed objections on September 21, 2020, arguing that his Petition did not challenge the constitutionality of the thirty-month "parole hit," as addressed in the R&R.

Rather, he asserts that he was told at his Parole Board hearing that, if granted parole, he would not have to serve the remainder of the additional thirty months and would be released immediately to his new detainer in Philadelphia County. The new parole decision, however, made his parole effective starting on September 21, 2019, which required him to serve all thirty months of his back-time. According to Petitioner, it made no sense to have an early parole rehearing, but not receive the benefit of early parole.

**Discussion**

10. It is well settled that the United States Constitution does not create a protected liberty interest in a pre-release expectation of parole. See Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 10–11 (1979); Stephens v. Chairman of the Pa. Bd. of Probation & Parole, 173 F. App'x 963, 965–66 (3d Cir. 2006).

11. Although a "parolee" possesses a vested liberty interest in his continued release on parole that cannot be taken away without affording the parolee certain minimum requirements of due process, Morrissey v. Brewer, 408 U.S. 471, 482, 488–89 (1972), "the mere grant of parole by a state parole board does not vest a prisoner with a protected liberty interest." Josey v. Pa. Bd. of Probation & Parole, No. 13-0043, 2014 WL 310448, at *5 (M.D. Pa. Jan. 28 2014) (citing Jago v. Van Curen, 454 U.S. 14, 21 (1981)); see also Boone v. Nose, No. 12-1370, 2013 WL 819730, at *5 (W.D. Pa. Mar. 5, 2013); Bryant v. Thomas, No. 07-811, 2007 WL 1650532, at *2 (E.D. Pa. May 8, 2007). Rather, under Pennsylvania law, a prisoner does not attain the status of a "parolee" until the grant of parole is executed and the prisoner is actually released on parole. Stephens v Chairman of the Pa. Bd. of Probation & Parole, 173 F. App'x 963, 965 (3d Cir. 2006). "Until that time, an unexecuted grant of parole may be rescinded by the Board without implicating procedural due process." Id.; Josey, 2014 WL 310448, at *5.

12. Here, Petitioner asserts that the Parole Board told him at the re-hearing that, if granted re-parole, he would be immediately released to Philadelphia County to serve his other sentence. Yet, the Parole Board's decision did not re-parole him until after September 22, 2019, thus giving him no benefit and requiring him to serve the entirety of his thirty months of back-time.

13. Petitioner has failed to set forth any cognizable claim. Even assuming the Parole Board promised Petitioner that he would be released earlier, Petitioner had no constitutional right to re-parole and certainly no entitlement to be relieved from any portion of his thirty-months' back-time sentence. Ultimately, the Parole Board opted to parole Petitioner to his Philadelphia sentence on September 21, 2019. Such a decision is not reviewable in a federal habeas corpus petition.

**WHEREFORE**, it is hereby **ORDERED** that:

1. Petitioner's Objections (Doc. No. 17) are **OVERRULED**;

2. The Report and Recommendation (Doc. No. 16) is **APPROVED** and **ADOPTED**;

3. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DENIED** with prejudice and **DISMISSED** without a hearing;

4. There is no basis for the issuance of a certificate of appealability; and

5. The Clerk of Court is directed to mark this case **CLOSED**.

BY THE COURT:

  */s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**